## ACTIONS ON CERTIFICATES OF FRATERNAL ORDERS.

Circuit Court of Hamilton County.

### GRAND LODGE OF THE BROTHERHOOD OF RAILROAD TRAINMEN v. DALY.

Decided, December 19, 1908.

*Life Insurance—Mutual Benefit Societies—Exemptions—Weight of Evidence—Charge of Court—Error—Sections 3625 and 3631-14.*

1. In an action on a policy of life insurance, where the burden of proof is placed on the defendant fraternal order by the issues joined and also by Section 3625, relating to false answers in an application for insurance, the order will not be permitted after trial and verdict to claim the exemptions provided by Section 3631-14.

2. Where the application for insurance is made a part of the contract both by its own terms and by the constitution of the order, it is

reversible error to charge the jury that the contract of insurance is embodied in the constitution and the certificate.

*Hoffman, Bode & LeBlond,* for plaintiff in error.
*Wm. Littleford* and *Henry G. Frost,* contra.

The defendant below recovered a judgment against the Grand Lodge for $1,350 on a policy of insurance on the life of the decedent. The principal defense set up was as to the truthfulness of answers made by the decedent at the time of his application for a policy. In the court below the judgment was against the Grand Lodge.

GIFFEN, J.; SWING, P. J., and SMITH, J., concur.

Upon the issues joined in this case the burden of proof rested upon the defendant in the original action, and by its answer it also assumed the burden of proving each fact required by Section 3625, Revised Statutes.

After trial and verdict upon issues thus tendered it can not claim exemption under Section 3631-14, Revised Statutes, and inasmuch as this court will not reverse a judgment on the ground that it is against the weight of the evidence unless clearly so, it follows that Section 3625 and not 3631-14, Revised Statutes, is the law of the case. All the facts enumerated in this section were clearly proved with reference to the following answers made by the deceased in his application for a benefit certificate:

1st. That he had not consulted a physician during the last five years.

2d. That he was then in good health.

3d. That he had never been afflicted with syphilis.

4th. That he had no deceased brother or sister.

5th. That he took possibly three drinks of intoxicating liquor a week.

The judgment is therefore manifestly against the weight of the evidence.

The statement of a physician to his patient in that relation that he is afflicted with a certain disease is advice within the meaning of Section 5241, Revised Statutes.

The court erred in charging the jury that the certificate and the constitution and by-laws constitute the contract, when the petition of plaintiff, the constitution and the application itself make the latter a part of the contract.

The special instructions requested by the defendant were based upon the rule stated in the case of *Insurance Co.* v. *Pyle*, 44 O. S., 19, which was abrogated by Section 3625, Revised Statutes. *Life Ins. Co.* v. *Warren*, 59 O. S., 345, at 353.

Many other errors are alleged but we find none that is prejudicial.

Judgment reversed and cause remanded for a new trial.